

U.S. Department of Justice

Jessie K. Liu
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**

**OCT 16 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

October 15, 2017

**Via Email**
Joanne Slaight, Esq.
Joseph R. Conte, Esq.
400 7th Street, N.W., Suite 206
Washington, D.C. 20004

>          *Re:*   *United States v. Daraya Marshall*
>                  *Case No. 15-CR-117 (TSC)*

Dear Ms. Slaight and Mr. Conte:

This letter sets forth the full and complete plea offer to your client, Daraya Marshall (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on **October 16, 2017, at 9:15 a.m.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

**1.     Charges and Statutory Penalties**

Your client agrees to plead guilty to the following counts of the Indictment:

- Count 1, charging your client with Sex Trafficking of Children (minor M.G.), in violation of 18 U.S.C. § 1591(a), (b)(2), (c), and 1594(a);
- Count 3, charging your client with Sexual Exploitation of a Minor (minor M.G.), in violation of 18 U.S.C. § 2251(a);
- Count 10, charging your client with Sex Trafficking of Children (minor M.S.), in violation of 18 U.S.C. § 1591(a), (b)(2), (c), and 1594(a);
- Count 12, charging your client with Sex Trafficking of Children (minor A.C.), in violation of 18 U.S.C. § 1591(a), (b)(2), (c), and 1594(a);
- Count 13, charging your client with First Degree Child Sexual Abuse (minor A.C.), in violation of D.C. Code § 22-3008 (lesser included offense);

- Count 14, charging your client with Sex Trafficking of Children (minor L.A.), in violation of 18 U.S.C. § 1591(a), (b)(2), (c), and 1594(a);

Your client understands that the charge of Sexual Exploitation of a Minor (minor M.G.), in violation of 18 U.S.C. § 2251(a), carries a mandatory minimum sentence of 15 years of imprisonment and a maximum sentence of 30 years of imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not less than 5 years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that the charge of Sex Trafficking of Children (minors M.G., M.S., A.C., and L.A.), in violation of 18 U.S.C. § 1591(a),(b)(2), (c), and 1594(a), carries a mandatory minimum sentence of 10 years of imprisonment and a maximum sentence of life; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not less than 5 years and up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that the charge of First Degree Child Sex Abuse (minor A.C.), in violation of D.C. Code § 22-3008, carries a statutory  maximum sentence of 30 years of imprisonment; a fine of not more than $125,000 pursuant to D.C. Code § 22-3571.01(b)(11); and a term of supervised release of not more than 10 years pursuant to D.C. Code § 24-403.01(b)(4)(a) & § 22-4001(8)(A).

In addition, with regard to the federal violations, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.  With regard to Count 13, your client agrees to pay an assessment of between $100 and $5,000 per felony conviction to the Victims of Violent Crimes Compensation Fund of the Superior Court for the District of Columbia pursuant to D.C. Code § 4-517(a).

Your client understands that, pursuant to 18 U.S.C. § 3014(a), the court shall assess an amount of $5,000 on any non-indigent person convicted of offenses under enumerated chapters of the Code, including Sex Trafficking of Children, which is an offense under chapter 77, and Sexual Exploitation of a Minor, which is an offense under chapter 110.

Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2017) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.  Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

## 2.   Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

## 3.   Additional Charges

In consideration of your client's guilty plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining counts of the Indictment in this case at the time of sentencing. Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

## 4.   Sentencing Guidelines Analysis

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A.   Estimated Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

**For each of Counts 1, 10, 12, 14:**

**U.S.S.G. § 2G1.3 – Sex Trafficking of Children**

| | | |
|---|---|---|
| § 2G1.3(a)(2) | Base Offense Level | 30 |
| § 2G1.3(b) | Specific Offense Characteristics | |
| § 2G1.3(b)(3) | Use of a Computer or Interactive Service | +2 |
| § 2G1.3(b)(4)(A) | Offense involved sexual contact | +2 |
| | Total | 34 |

**For Count 3:**

**U.S.S.G. § 2G2.1 – Sexual Exploitation of a Minor**

| | | |
|---|---|---|
| § 2G2.1(a) | Base Offense Level | 32 |
| § 2G2.1(b) | Specific Offense Characteristics | |
| § 2G2.1(b)(2)(A) | Offense involved sexual contact | +2 |
| | Total | 34 |

Page **3** of **16**

Grouping and Multiple Count Adjustment

Pursuant to U.S.S.G. § 3D1.2, counts involving "substantially the same harm shall be grouped together into a single Group." However, § 2G2.1 is expressly excluded from the operation of this section. Accordingly, Counts 1, 10, 12, and 14 do not group with Count 3. See U.S.S.G. § 3D1.2(d).

Pursuant to U.S.S.G. § 2G1.3(d), if the offense involved more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if each victim had been contained in a separate count of conviction. The Guidelines analysis above will apply to each victim.

The combined offense level is determined according to Section 3D1.4:

Sex Trafficking Counts:

| | | | |
|---|---|---|---|
| Count 1 | victim M.G. | offense level 34 | 1 unit |
| Count 10 | victim M.S. | offense level 34 | 1 unit |
| Count 12 | victim A.C. | offense level 34 | 1 unit |
| Count 14 | victim L.A. | offense level 34 | 1 unit |

Sexual Exploitation of a Minor:

| | | | |
|---|---|---|---|
| Count 3 | victim M.G. | offense level 34 | 1 unit |
| | | Total | 5 units |

Taking the highest offense level of 34 and increasing by 4 levels (based on the total of 5 units), the combined offense level is **38**.

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least **36**.

Repeat and Dangerous Sex Offender Against Minors

Your client is considered a repeat and dangerous sex offender against minors pursuant to U.S.S.G. § 4B1.5(b). First, the charge of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a) is a "covered sex crime." See U.S.S.G. § 4B1.5, App. Note 2(A). Second, your client does not have a prior sex offense conviction and is not a career offender. And finally, your client engaged in a pattern of activity involving prohibited sexual conduct. See U.S.S.G. § 4B1.5, App. Note 4. Accordingly, your client's offense level is increased by 5 levels, for an applicable Guidelines Offense Level of **41**.

### B. Estimated Criminal History Category

Based upon the information now available to this Office, your client has at least the following criminal convictions:

- Case No. 1997-FEL-7328, Washington, D.C. , Conspiracy (20 to 60 months incarceration), Kidnapping (5 years of incarceration), and Assault with Intent to Rob while Armed (7 years of incarceration), on lifetime supervision;
- Case No. #D00311951, Montgomery County, Maryland, Possession Paraphernalia (Fine), and various related drug charges on the Stet Docket.

In addition, at the time of the instant offense, your client was under supervision for Case No. 1997-FEL-7328.

Accordingly, your client is estimated to have 5 criminal history points and your client's Criminal History Category is estimated to be **III**. Your client acknowledges that if additional convictions are discovered during the pre-sentence investigation by the United States Probation Office, your client's criminal history points may increase. Similarly, if the United States Probation Office determines that your client has fewer convictions than estimated herein, your client's criminal history points may decrease.

### C. Estimated Applicable Guidelines Range

Based upon the agreed total offense level of 41 and the estimated criminal history category of III, your client's estimated Sentencing Guidelines range is 360 months to life (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 41, the estimated applicable fine range is $25,000 to $250,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided above. Moreover, your client understands and acknowledges that the Estimated Guidelines Range agreed to by the parties is

not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range is applicable, your client will not be permitted to withdraw your client's guilty plea on that basis, and the Government and your client will still be bound by this Agreement.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

## 5.    D.C. Voluntary Sentencing Guidelines – Count 10

Your client understands that the United States Sentencing Guidelines do not apply to Count 13, First Degree Child Sexual Abuse, in violation of D.C. Code §§ 22-3008. Your client further understands that the Court may utilize the District of Columbia Sentencing Commission's voluntary sentencing guidelines in imposing sentence on Count 10. Pursuant to the D.C. voluntary sentencing guidelines, First Degree Child Sexual Abuse is Group 3 offense.

Based upon the information now available to this Office, the government is aware of 3 criminal history points for your client. The parties agree that for purposes of this Agreement, the defendant is in Criminal History Category C, under the D.C. Voluntary Sentencing Guidelines.

The sentencing range for a Group 3 offense and a Category C offender is **114 months to 204 months**.

Your client understands that the D.C. voluntary sentencing guidelines are not binding on the Court, and that the Court need not consult or consider the voluntary sentencing guidelines in imposing sentence in this case. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable voluntary sentencing guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, your client understands that he will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside of the D.C. voluntary sentencing guidelines range.

## 6.    Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above the Estimated Guidelines Range based on § 3553(a) factors.

Page **6** of **16**

### 7.     Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 8.     Court Not Bound by this Agreement or the Sentencing Guidelines

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

## 9.    Conditions of Release

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that your client be detained without bond pending your client's sentencing in this case, pursuant to 18 U.S.C. § 3143.

## 10.    Waivers

### A.    Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement)may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### B.    Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the

rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### C.      Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court or your client claims that your client received ineffective assistance of counsel, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence or raise on appeal a claim of ineffective assistance of counsel, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### D.      Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### E.      Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 11.      Use of Self-Incriminating Information

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case

or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

### 12.    Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. §§ 1593 and 3663A. Your client agrees to pay restitution to victims M.G., M.S., A.C., and L.A., as provided by statute.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to

make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

**13.  Forfeiture**

(a)  Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Indictment to which he is pleading guilty, and the Bill of Particulars filed on October 4, 2017.  Specifically, your client agrees to the entry of a forfeiture money judgment for a sum of money equal to the value of:

> (1) any property, real or personal:  (a) that was involved in, used, or intended to be used to commit or to facilitate the commission of such violations, and any property traceable to such property; (b) constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such violations, and any property traceable to such property; (c) involved in, used, or intended to be used to commit or to facilitate the commission of such violations; and (d) which constitutes or is derived from proceeds traceable to the violations alleged in Counts 1, 10, 12, and 14, pursuant to 18 U.S.C. §§ 1594(d) and 1594(e); and

> (2) (a) any visual depiction described in 18 U.S.C. " 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from these offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the violation alleged in Count 3, or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a).

The Court will determine the amount of this sum of money at sentencing.  In addition, your client agrees to the forfeiture of the following specific property:  54 prepaid debit and credit cards seized during the search of your client's apartment on June 29, 2015 and approximately $72.00 in U.S. currency seized by law enforcement from the defendant's person and/or car at the time of his June 29, 2015 arrest.

(b)  Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture.  Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing.  Your client agrees that the Court will enter a Final Order of Forfeiture for this property as part of his sentence.

(c)  Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset.  Regarding any asset or property, your client agrees to forfeiture of all interest in:

(1) any property, real or personal:  (a) that was involved in, used, or intended to be used to commit or to facilitate the commission of such violations, and any property traceable to such property; (b) constituting or derived from, any proceeds obtained, directly or indirectly, as a result of such violations, and any property traceable to such property; (c) involved in, used, or intended to be used to commit or to facilitate the commission of such violations; and (d) which constitutes or is derived from proceeds traceable to the violations alleged in Counts 1, 10, 12, and 14, pursuant to 18 U.S.C. §§ 1594(d) and 1594(e); and

(2) (a) any visual depiction described in 18 U.S.C. " 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from these offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the violation alleged in Count 3, or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a).

See 18 U.S.C. §§ 1594(d), 1594(e), 2253(a); 21 U.S.C. §853(p); and 28 U.S.C. § 2461(c).

(d) Your client further agrees that the following computers, computer media, computer peripherals, and other items seized from your client, and currently in the custody and/or control of the Federal Bureau of Investigation were properly seized and were used or intended to be used to commit the violation alleged in Counts 1, 10, 12 and 14; and/or contain visual depictions involved in the commission of the violation alleged in Count 3; and/or were used or intended to be used to commit or promote the commission of the violation alleged in Count 3; and/or were otherwise used in violation of the law:

A. a Samsung cell phone seized by law enforcement from the defendant's apartment in Washington, D.C., during the June 29, 2015, execution of a search warrant;
B. approximately fifty-four prepaid debit and credit cards seized by law enforcement from the defendant's apartment in Washington, D.C., during the June 29, 2015, execution of a search warrant;
C. approximately $72.00 in U.S. currency seized by law enforcement from the defendant's person and/or car at the time of his June 29, 2015 arrest;
D. a Samsung Galaxy s4 with power cord seized by law enforcement from the defendant's person and/or car at the time of his June 29, 2015 arrest;
E. a ZTE Z667T cell phone, IMEI 865551025339900 seized by law enforcement on July 20, 2015, from a Black 2003 Lexus, D.C. registration plate EX0341, vehicle identification number JT8BD6855Z0058250 ("the 2003 Lexus");
F. nine Vanilla VISA prepaid debit cards seized by law enforcement on July 20, 2015, from the 2003 Lexus.

Your client agrees that these items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States.  See 18

U.S.C. §§ 1594(d) and 2253(a). Your client certifies that he and co-defendant Jarnese Harris are the sole owners of the property listed above, and that no one else has an ownership interest in this property. By this plea agreement, your client agrees that he has waived any and all interest he has in the specific assets or properties identified above and consented to their forfeiture by whatever process the government chooses. As such, your client hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States. Your client agrees that the government may use this waiver and consent in any civil, administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or properties in any forfeiture process, he hereby agrees to withdraw it. He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

(e) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

(f) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since July 1, 2014, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, within 10 days of the execution of this plea agreement. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(g) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(h) This Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case. Your client understands that if this request is denied, your

client will be liable to pay both the restitution and forfeiture judgments. Your client understands that forfeiture and restitution are separate obligations and that that the Court does not have the authority to offset them against each other.

### 14.     Sex Offender Registration

Your client acknowledges and agrees that, pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C § 2250, 42 U.S.C. §§ 16911(3)(B), and 16915(a)(2), your client is required to register as a sex offender for a minimum period of 25 years, and to keep the registration current in jurisdictions where your client resides, where your client is employed and where your client is a student. Your client understands that the requirements for registration include providing your client's name, residence address, and the names and addresses of any places where your client will be employed or a student, among other information. Your client understands that should your client knowingly fail to comply with your client's obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, your client could be prosecuted for the offense of failure to register as a sex offender and subject to a term of up to ten years imprisonment, a fine or both. Your client further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with your client's obligations under the Sex Offender Registration and Notification Act could subject your client to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### 15.     Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach:  (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from

prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

**16.    Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **October 16, 2017, at 9:15 a.m.**

Sincerely yours,

JESSIE K. LIU
United States Attorney

By:

Cassidy Kesler Pinegar
Kenya K. Davis
Jason Park
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorneys, Joanne Slaight and Joseph Conte. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 10/16/17

DARAYA MARSHALL
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Daraya Marshall, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/16/17

JOANNE SLAIGHT, ESQ.
JOSEPH CONTE, ESQ.
Attorneys for Defendant