UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **DARAYA MARSHALL**, <br><br> Defendant. | Criminal No. 15-cr-117-1 (TSC) |

### OPINION & ORDER

Before the court is Defendant Daraya Marshall's third motion for compassionate release or a sentence reduction. *See* Def.'s Sealed Mot. for Compassionate Release or a Sentence Reduction, ECF No. 198 ("Def.'s Mot."). Because Defendant's motion is without merit, it is hereby DENIED.

### I.   BACKGROUND

In 2017, on the day he was scheduled to go to trial, Marshall pleaded guilty to six counts related to the sex trafficking and sexual abuse of minors. *See* Judgment at 1–2, ECF No. 159; *see also United States v. Marshall*, 946 F.3d 591, 595 (D.C. Cir. 2020). Those convictions arose out of a child prostitution business that Marshall ran between 2014 and 2015. Through that business, he prostituted at least four girls between the age of fourteen and seventeen even after he was well aware that several were underage. *See* Statement of Offense at 1, 4–6, ECF No. 129. Marshall "targeted and recruited" these victims "through various forms of psychological manipulation," "produced pornographic images of the girls," arranged for them to have sex with "clients," and had sex with several of his victims himself. *Marshall*, 946 F.3d at 594; *see also* Statement of Offense at 2–6.

Emphasizing the seriousness of Marshall's crimes, the court sentenced him to 25 years of incarceration, followed by 15 years of supervised release. *See* Judgment at 3–4; *see also* Sent'g Tr. at 55, ECF No. 179 ("The abuse of children in all its forms is reprehensible and certainly deserving of punishment."); *id.* at 58 ("This was a criminal enterprise built on the exploitation of young girls."). This sentence included a 15-year mandatory minimum term of incarceration. Although Marshall did not physically coerce his victims, he emotionally manipulated them and, in the process, inflicted serious psychological trauma. *See* Sent'g Tr. at 56–57, 60–61. The court also noted that Marshall was a repeat offender who did not learn from his earlier term of incarceration for three serious felonies. *See id.* at 58; *see also* Revised Final Presentence Report at 21–24, ECF No. 152 (detailing Marshall's prior convictions for conspiracy, kidnapping, assault with intent to commit robbery while armed, and possession of drug paraphernalia).

Marshall has repeatedly moved for compassionate release. In 2021, the court denied his first motion, in part because "Marshall has not demonstrated that he understands the gravity of his offenses and the effects that they have had on his victims." Order at 7, ECF No. 194. In 2022, the court denied his second motion, again emphasizing the gravity of his offenses, the seriousness of his criminal history, and his lack of remorse. Order at 3, ECF No. 196. Marshall now seeks compassionate release for a third time. Although he now claims to be "aware of the seriousness of his actions," Def.'s Mot. at 14, the court again concludes that compassionate release is not warranted.

## II.     DISCUSSION

### A. Compassionate Release

"As a general rule, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Long*, 997 F.3d 342, 347 (D.C. Cir. 2021) (quoting 18 U.S.C.

§ 3582(c)).  "But this rule of finality is subject to a few narrow exceptions," including for compassionate release.  *Id.*  Historically, only the Bureau of Prisons could move for an inmate's compassionate release.  *Id.* at 347–48.  But Congress amended the statute to allow defendants to file directly, provided "they . . . first exhaust their administrative remedies" either by "'appealing a failure of the Bureau of Prisons to bring a motion on the defendant's behalf'" or by waiting "'30 days from the receipt of such a request to the warden.'"  *United States v. Wilson*, 77 F.4th 837, 838 (D.C. Cir. 2023) (cleaned up) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Marshall has moved for compassionate release based on his alleged medical needs and the mistreatment he claims he has suffered at the hands of prison officials.  *See* Def.'s Mot. at 5–14.  But nowhere in his motion does Marshall indicate that he requested the Bureau of Prisons to bring a motion on his behalf, let alone waited 30 days after the warden received such a request.  Marshall's request for compassionate release therefore fails at the threshold because he has not satisfied the exhaustion requirement.

To be sure, § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional.  *Wilson*, 77 F.4th at 840.  It can be waived if certain "unique circumstances" are present.  *United States v. Jackson*, 468 F. Supp. 3d 59, 64 (D.D.C. 2020) (waiver may be justified if "the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further" (quoting *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004))).  But Marshall has not requested a waiver.  Nor do there appear to be any circumstances that would justify such a request.  To the contrary, had Marshall properly exhausted his administrative remedies, the Bureau of Prisons may have been able to respond to his claims of mistreatment and medical neglect.

Even if the court were to waive the exhaustion requirement, it would still deny Marshall's motion. To prevail on a motion under § 3582(c)(1)(A)(i), a defendant "must demonstrate" (1) extraordinary and compelling reasons for release or a reduction of sentence; (2) that such relief would be warranted in light of the sentencing factors set out in 18 U.S.C. § 3553(a); and (3) that such relief would be consistent with the applicable policy statements issued by the Sentencing Commission. *Wilson*, 77 F.4th at 838; *see also* 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission, in turn, requires the defendant to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

Even assuming Marshall established extraordinary and compelling reasons, compassionate release is not warranted in light of the § 3553(a) sentencing factors. Marshall's crimes were extremely serious and were committed while he was on parole for other serious felonies. *See United States v. Edwards*, No. 03-234, 2021 WL 3128870, at *4–5 (D.D.C. July 22, 2021) (serious crimes committed while the defendant was on supervised release warranted substantial prison time and weighed against compassionate release). His crimes also had "an extensive negative impact on [his] victims." *United States v. Rosebar*, --- F.4th ---, 2025 WL 3210291, at *3 (D.C. Cir. Nov. 18, 2025) (cleaned up). Although the court likely can grant compassionate release to a defendant before they complete the mandatory minimum term of incarceration, *see United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022), Marshall has served only a decade of his 25-year sentence for sex offenses which carry a 15-year mandatory minimum. This fact weighs strongly against granting the motion. *See United States v. Piles*, No. 19-292, 2021 WL 1198019, at *4 (D.D.C. Mar. 30, 2021) (fact that defendant served less than half his custodial term weighed against compassionate release). The need to deter child sex abuse and promote respect for the rule of law likewise weighs against it. Although the court commends Marshall for taking advantage of

rehabilitative programming while incarcerated, *see* Def.'s Mot. at 17–19, that does not yet outweigh the other § 3553(a) factors. The court would be more willing to consider a motion for compassionate release at a later date and if Marshall provides more substantial documentation of his alleged medical issues.

Finally, Marshall tries to relitigate his original sentence by raising a litany of complaints about alleged sentencing disparities and misrepresentations regarding the gravity of his crimes. *See* Def.'s Mot. at 14–17. But in general, a compassionate release motion is not a mechanism for collaterally attacking a sentence. *See United States v. Wyche*, 741 F.3d 1284, 1292 (D.C. Cir. 2014) (A proceeding under § 3582(c) "is not a plenary resentencing proceeding, nor is it a license for the defendant to relitigate his sentence wholesale or challenge previously adjudicated aspects of his conviction." (cleaned up)). In any event, Marshall is wrong that prosecutors and the court "insinuated that Marshall's case was the worst case." Def.'s Mot. at 14. To the contrary, both the Government and the court acknowledged that Marshall did not use violence or force against his victims and that he was not the worst offender. *See, e.g.*, Sent'g Tr. at 39, 56–57, 60–61. Marshall is also incorrect that there is an unwarranted disparity between his sentence and the 20-year sentence imposed by Judge Sullivan on Shelby Lewis. Although Lewis's crimes may be more serious than Marshall's, Lewis accepted responsibility quickly and had a less serious criminal history. *See* Final Presentence Report, *United States v. Lewis*, No. 09-cr-213-1, ECF No. 22 (D.D.C. Sept. 1, 2010). Moreover, Marshall's meritless attacks on the supposed unfairness of his sentence undercut his assertions that he has now accepted full accountability for his crimes. Marshall's compassionate release request is therefore DENIED.

### B. Amendments to the Sentencing Guidelines

A defendant may also move for a sentence reduction if they were sentenced "based on a sentencing range that has subsequently been lowered by" an Amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). The court evaluates such a motion in two steps. *United States v. Bauer*, 714 F. Supp. 3d 1, 4 (D.D.C. 2024). "First, the court determines whether the defendant is eligible for a reduced sentence [by] calculat[ing] the amended Guidelines range." *Id.* If the defendant is eligible, the court considers at step two whether a reduction is warranted in light of the § 3553(a) sentencing factors and the "particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Marshall's motion fails at step one because he is ineligible for a sentence reduction under either of two Amendments he cites. Notably, any reduction under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's applicable policy statement provides that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" either (1) the Commission did not make the applicable Amendment retroactive, or (2) the applicable Amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2); *see also In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013) (noting that § 1B1.10 is the applicable policy statement for motions under § 3582(c)(2)).

Marshall first seeks a sentence reduction pursuant to Amendment 829, but the Sentencing Commission did not make that Amendment retroactive. *See* U.S.S.G. § 1B1.10(d). He next seeks a reduction under Amendment 821, but that Amendment, although retroactive, does not have the effect of lowering Marshall's applicable guideline range. At sentencing, the court determined that Marshall's prior convictions gave him a criminal history subtotal of four. *See* Sent'g Tr. at 20.

Because Marshall committed the instant offense while on parole, two status points were added to his criminal history score. *Id.* The court therefore calculated a criminal history score of six, placing him in criminal history category III. *Id.* As a result of Amendment 821, Marshall would no longer receive any status points because his criminal history subtotal is less than seven. *See* U.S.S.G. § 4A1.1(e). But ultimately, this matters not. Whether Marshall has a criminal history score of four or six, he still falls within criminal history category III, meaning his Guidelines range is unaffected by Amendment 821. *See* U.S.S.G. Ch. 5, Pt. A, Sent'g Tab. Accordingly, Marshall is ineligible for a sentence reduction under § 3582(c)(2).

### C. Appointment of Counsel

Finally, Marshall requests court-appointed counsel to help him brief a new compassionate-release motion. At trial and on direct appeal, indigent defendants are constitutionally entitled to the appointment of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But there "is no [such] right . . . in postconviction proceedings." *Garza v. Idaho*, 586 U.S. 232, 245 (2019). Nevertheless, "the court may exercise its discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require." *United States v. Edwards*, No. 03-234, 2021 WL 3128870, at *2 n.2 (D.D.C. July 22, 2021) (cleaned up). But "because the issues here are straightforward," "the interests of justice do not require appointment of counsel," *id.*, and Marshall's request for appointment of counsel is therefore DENIED.

### III.   CONCLUSION

For the reasons stated above, Marshall's Motion for Compassionate Release or a Sentence Reduction, ECF No. 198, is hereby **DENIED**.  It is **SO ORDERED**.

Date: December 9, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge